IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Survi Chisolm,                       ) | |
|                                      ) | |
|                 Plaintiff,         ) | |
|                                      ) | Civil Action No. 4:24-cv-6018-BHH |
| v.                                        ) | |
|                                      ) | **ORDER** |
| Warden Palmer,                          ) | |
|                                    ) | |
|                 Defendant.     ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Don Survi Chisolm's ("Plaintiff") *pro se* complaint filed pursuant to 42 U.S.C. § 1983. On July 17, 2025, Defendant Warden Palmer ("Defendant") filed a motion for summary judgment along with a memorandum and affidavits in support. (ECF No. 46.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On July 18, 2025, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the possible consequences if he failed to respond to Defendant's motion. On August 1, 2025, Plaintiff filed a motion for a 30-day extension, which the Magistrate Judge granted. (ECF No. 50.) Nevertheless, Plaintiff failed to file a response.

On September 23, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, thereby rendering Defendant's motion for summary judgment moot. (ECF No. 53.)  Alternately, the Magistrate Judge

recommended that the Court grant Defendant's motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. (*Id.*) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, Plaintiff has not filed objections to the Report.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 53), and the Court dismisses this action with prejudice for lack of prosecution**

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, thereby rendering moot Defendant's motion for summary judgment (ECF No. 46).

  IT IS SO ORDERED.

                /s/Bruce H. Hendricks
                United States District Judge

October 14, 2025
Charleston, South Carolina